IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                                            :
GENESIS ABSTRACT, LLC,               :
                                                            :
                 Petitioner,         :         Civil No. 17-302 (RBK/AMD)
                                                            :
                v.                      :         **Opinion**
                                                            :
Victor E. BIBBY, et al.,                   :
                                                            :
                 Respondent(s).  :
_____:

**KUGLER**, United State District Judge:

      This matter comes before the Court on Petitioner Genesis Abstract, LLC's ("Genesis") Motion to Quash against Respondents Victor E. Bibby and Brian J. Donnelly ("Bibby and Donnelly"). Currently before the Court is Respondents' Motion to Transfer (Doc. No. 8) to the United States District Court for the Northern District of Georgia pursuant to Federal Rule of Civil Procedure 45(f). For the following reasons, Bibby and Donnelly's Motion is **GRANTED**.

**I.        FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

      This matter arises from a suit brought by Bibby and Donnelly against William L. "Bill" Edwards and Mortgage Investors Corporation ("MIC") in the Northern District of Georgia ("Issuing Court") under the False Claims Act, 31 U.S.C. §§ 3729 et seq. Resp.'s Br. 1, 5–6. Edwards and MIC retained Anne Anastasi as an expert witness to testify about title work in the closing of residential mortgages. *Id.* at 10. Anastasi is the President and owner of Genesis, a two person title insurance agency with its only office in Hatboro, Pennsylvania. *Id.*; Pet.'s Opp'n Br. 8–9.

1

Discovery began in the underlying litigation in December 2012. Resp.'s Br. 7. The Issuing Court issued a discovery schedule that includes deadlines for expert discovery. *Id.* at 9. That Court also set a series of procedures to resolve discovery disputes, whereby some issues are referred to a Special Master due to the "multitude of discovery disputes [that] have arisen on an ongoing basis." *Id.* at 7; First Order Regarding Appointment of Special Master at 2, *Bibby v. Mortg. Investors Corp.*, No. 1:12-CV-4020-AT (N.D. Ga. Oct. 26, 2015). The Special Master also conducts regular status conferences to oversee the general progress of discovery. Resp.'s Br. 8. Second Order Regarding Appointment of Special Master at 8, *Bibby v. Mortg. Investors Corp.*, No. 1:12-CV-4020-AT (N.D. Ga. Oct. 26, 2015). On January 6, 2016, Edwards and MIC served a subpoena on Peter Todd, an expert for Bibby and Donnelly, requesting documents regarding how much Todd charges for title work. Resp.'s Br. 13–14. Todd objected to the production requested, and the Court issued an order resolving the dispute on March 2, 2016. *Id.*

On November 4, 2016, Bibby and Donnelly served a third party subpoena on Genesis, Anastasi's company, for documents regarding how much Genesis charges for title work. *Id.* at 11. On November 18, 2016, Genesis objected to the subpoena. *Id.* Genesis is represented by the same counsel as that of MIC and the attorney is admitted *pro hac vice* in the Northern District of Georgia. *Id.* at 11; Pet.'s Opp'n Br. 11. On January 17, 2017, Genesis brought a Petition to Quash Subpoena in this Court (Doc. No. 1). On January 27, 2017, Bibby and Donnelly filed the present Motion to Transfer to the Northern District of Georgia (Doc. No. 8).

## II. LEGAL STANDARD

Upon receiving a third-party subpoena, the non-party may file a motion to quash in the district where compliance is required. Fed. R. Civ. P. 45(d)(3). The court where compliance is required may require the subpoena be quashed, modified, or transferred to the court that issued

the process. Fed. R. Civ. P. 45(d)(3), 45(f). The subpoena may only be transferred upon the consent of the non-party or if there are "exceptional circumstances" that exist. Fed. R. Civ. P. 45(f). The Federal Rules of Civil Procedure do not define "exceptional circumstances." The Advisory Committee Notes, however, state that Rule 45 is designed "[t]o protect local nonparties." Fed. R. Civ. P. 45(f) committee notes on r.—2013 amend. Transfer is warranted "in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Id.* These considerations, however, must outweigh the burden on the non-party, and the party seeking transfer ultimately bears the burden. *Id.* Where the court of compliance does transfer the motion, the issuing court is encouraged to use telecommunications methods to communicate with the non-party. *Id.*

## III. DISCUSSION

The Third Circuit has not opined on how to apply the exceptional circumstances standard. Courts in this Circuit have looked at a number of factors in determining whether there are exceptional circumstances to transfer a matter under Rule 45(f): whether the issuing court set discovery deadlines, it has ruled on similar discovery issues, there is a risk of inconsistent orders, and the non-party has some connection to the proceeding. *See, e.g.*, *Bouchard Transp. Co. v. Associated Elec. & Gas Ins. Servs. Ltd.*, No. 15-cv-3709 (SRC)(CLW), 2015 WL 12818828, at *2 (D.N.J. Aug. 4, 2015); *Parks, LLC v. Tyson Foods, Inc.*, No. Misc. Action 15-634, 2015 WL 5008255, at *2 (W.D. Pa. Aug. 20, 2015); *United States* ex rel. *Simpson v. Bayer Corp.*, No. Miscellaneous Action 16-207, 2016 WL 7239892, at *2 (E.D. Pa. Dec. 15, 2016); *Garden City Employees' Ret. Sys. v. Psychiatric Sols., Inc.*, No. Miscellaneous Action 13-238, 2014 WL 272088, at *3 (E.D. Pa. Jan. 24, 2014). In this case, Bibby and Donnelly make note that the

Issuing Court has adjudicated a similar discovery dispute involving expert Todd, set a discovery schedule with deadlines that govern expert discovery, and created a procedure for resolving discovery disputes that involves continuing oversight by a Special Master. Bibby and Donnelly further submit that transfer would impose a minimal burden on Genesis: the business has a connection to the underlying litigation given that its President and owner is an expert witness, and its counsel, who is also representing MIC, is already admitted *pro hac vice* in the Northern District of Georgia. Genesis argues that the Todd dispute is different because it does not involve a non-party and the mandated discovery dispute procedure will take a long time. Additionally, it asserts that transfer would exert a high burden on Genesis, because it has only one office, only two employees, and counsel based on Pennsylvania.

The Court acknowledges the additional burden that transfer would place upon Genesis. Burden to a non-party, however, can be outweighed by factors like efficiency and consistency. *See* Fed. R. Civ. P. 45 committee notes on r.—2013 amend. Here, the Issuing Court has established a discovery schedule and a dispute resolution procedure which involves continuing management by a Special Master. The Court is loath to disturb those structures, especially considering the long history and complexity of the litigation. The Court additionally finds that the Issuing Court has already confronted similar discovery issues in resolving the Todd subpoena. Both of the process seek information regarding rates historically charged by the experts for title insurance work. And although the Todd subpoena is directed at the expert himself rather than the expert's company, such a distinction is formalistic. Genesis is a two-person business owned and operated by Anastasi to provide title work; a subpoena served on Genesis does not automatically render it substantively different from the subpoena to Todd. Lastly, Genesis is represented by the same counsel as MIC, and Genesis is not altogether

unconnected with the case considering that its President and owner is providing expert testimony. Therefore, the Court concludes that there do exist exceptional circumstances under Rule 45(f). The Court accordingly grants the Motion to Transfer the case to the Northern District of Georgia.

**IV. CONCLUSION**

For the foregoing reasons, Respondents' Motion to Transfer will be **GRANTED**.

Dated:   4/17/2017                                                 s/ Robert B. Kugler

ROBERT B. KUGLER

United State District Judge